UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL LARA ANDRADE,<br><br>Defendant. | Case No. 15-cr-00547-JD-4<br><br>**ORDER RE SUCCESSIVE SECTION 2255 MOTION**<br><br>Re: Dkt. No. 586 |

In November 2019, the Court denied Andrade's motion under 28 U.S.C. Section 2255 to vacate or set aside his sentence on grounds of ineffective assistance of counsel. Dkt. No. 580. The Court entered judgment against Andrade on the motion on November 19, 2020. Dkt. No. 581. He did not file a notice of appeal.

After entry of the judgement, Andrade filed a motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Dkt. No. 582. The Court referred the motion to the Federal Public Defender ("FPD") for consideration. The FPD declined to assume representation of Andrade, including with respect to possible compassionate release under Section 603 of the First Step Act. Dkt. No. 583. The Court directed the government to respond to the motion, and it filed an opposition on May 25, 2020. Dkt. Nos. 587, 590. The Court will issue a separate order on this motion.

In February 2020, Andrade filed a request to "amend and/or replace" the original Section 2255 motion that the Court denied. Dkt. No. 586. The request raises the same ineffective assistance claim that Court dismissed, with some additional details not expressly mentioned in the original motion. Consequently, it is a "successive" motion in that it asserts claims that were, or could have been, adjudicated the first time around. *See McNabb v. Yates*, 576 F.3d 1028, 1029

(9th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). The Court may consider a successive motion only if the Ninth Circuit certifies that it is based on new evidence sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense, or a new rule of constitutional law that was previously unavailable and has been made retroactive. 28 U.S.C § 2255(h); *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015); *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). If the defendant does not first obtain authorization to proceed from the circuit court, "the district court lacks jurisdiction to consider the second or successive application." *Ezell*, 778 F.3d at 765 (quoting *Lopez*, 577 F.3d at 1061).

That is the situation here. The record does not show that Andrade has obtained the required authorization from the Ninth Circuit. It appears that he filled out a form applying for authorization, *see* Dkt. No. 586-1, but it is not clear whether he filed it with the Ninth Circuit. To make sure that it hasn't fallen through the cracks, the Clerk of the Court is requested to send the form to the Ninth Circuit. *See* 9th Cir. R. 22-3(a).

It does not appear likely that Andrade has satisfied the exacting standards of Section 2255(h). He has not identified any new evidence or a new rule of law applicable to his case, and believes his original motion was denied due to poor handwriting, as opposed to the substantive reasons stated by the Court. *See* Dkt. No. 586-1. But that is for the circuit court to decide. Until authorization is granted, the Court cannot hear the motion, and so it is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 1, 2020

_____
JAMES DONATO
United States District Judge