UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>MANUEL LARA ANDRADE,<br>Defendant. | Case No. 15-cr-00547-JD-4<br><br>**ORDER IN RE MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. No. 582 |

Defendant Andrade filed a motion to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Dkt. No. 582. It is one of several post-sentencing motions Andrade has filed on a pro se basis. *See* Dkt. Nos. 534, 582, 586. The Court denied Andrade's request to modify or vacate his sentence under 28 U.S.C. § 2255, and referred his successive petition under Section 2255 to the circuit court for consideration of whether it should be allowed to go forward. Dkt. Nos. 580, 593. The Court referred the pending First Step Act motion to the Federal Public Defender's Office, which declined to take it up or represent Andrade. Dkt. No. 583. The Court also called on the government to file a response to the request. Dkt. No. 587. The United States opposes any relief. Dkt. No. 590. The motion is denied without prejudice.

The legal basis for the motion is not entirely clear. Andrade mentions Sections 401 and 402 of the First Step Act, Dkt. No. 582 at 2, which reduced certain mandatory minimums for drug offenses (Section 401) and changed a safety valve provision (Section 402). Andrade is not within the purview of these changes: Section 401 applies only to sentences imposed after enactment of the First Step Act on December 21, 2018, and Section 402 applies only to convictions entered on or after this same date. *See* First Step Act §§ 401(c), 402(b). The judgement sentencing Andrade was entered on April 16, 2018. Dkt. No. 493.

1      Andrade also refers to a "new law" for older inmates that he believes might reduce his term
2 of custody. Dkt. No. 582 at 1-2. The Federal Public Defender construed this as a request for
3 compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. No. 583 at 2. The United States
4 treated it the same way in its opposition brief. Dkt. No. 590 at 1. This is a reasonable
5 interpretation of Andrade's motion, and the Court adopts it.

6      Unlike most of the recent compassionate release requests, this one is not based on concerns
7 about COVID-19. Andrade relies only on his age -- he is currently 65 years old. He does not
8 identify any specific health or medical conditions for the Court to consider, or give any other
9 reason why the extraordinary relief of compassionate release might be appropriate for him. *See* 18
10 U.S.C. § 3582(c)(1)(A)(i) (court must find "extraordinary and compelling reasons" for reducing
11 term of imprisonment). This alone is enough to deny the motion.

12      It is also not clear that Andrade has satisfied the conditions required by Section 3582(c) for
13 judicial relief. Before filing this motion, Andrade had to have exhausted an administrative appeal
14 within the Bureau of Prisons for compassionate release, or waited for 30 days to pass from the
15 date he made a release request to the warden of his facility. 18 U.S.C. § 3582(c)(1)(A). Andrade
16 does not indicate that either option was satisfied. The government says they were not, Dkt. No.
17 590 at 4-5, but does not tender any evidence in support of its statements.

18      Consequently, the motion is denied without prejudice. If Andrade files another
19 compassionate release request, he must provide specific details about his health issues and clearly
20 explain how he has satisfied the conditions for judicial relief in Section 3582(c)(1)(A). Andrade is
21 advised that he should provide to the best of his ability medical and administrative records in
22 support of any future motion.

23      **IT IS SO ORDERED.**

24 Dated: July 9, 2020

JAMES DONATO
United States District Judge